

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CARLA MORELAND JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 9:17-CV-194 |
| | § | |
| CHESAPEAKE ENERGY CORP.; | § | |
| CHESAPEAKE OPERATING, INC.; | § | |
| CHESAPEAKE OPERATING, LLC; | § | |
| CHESAPEAKE EXPLORATION, LLC; | § | |
| AND CHESAPEAKE ENERGY | § | |
| MARKETING, INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

In accordance with 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this matter to United States Magistrate Judge Keith Giblin for entry of recommended disposition. On October 26, 2018, Judge Giblin entered his report and recommendation (Doc. 25) recommending that the District Court grant the Defendant Chesapeake Energy Marketing, Inc.'s (Chesapeake or Defendant) motion to dismiss. The Court agrees with the magistrate judge's findings and conclusions and adopts the report and recommendation.

Plaintiff Carla Moreland Jones (Jones or Plaintiff), a *pro se* litigant, timely filed her *Objection to Judge Recommendation of Dismissal* (Objection). (Doc. 32). The Court has reviewed

1

Plaintiff's objections, to the extent they exist, and Defendant's response (Doc. 34) *de novo* in relation to the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

As an initial matter, the Court does not find that Plaintiff made a specific objection to any portion of the magistrate judge's report and recommendation. To the extent that Plaintiff refers to Judge Giblin's report and recommendation, she says only the following: "I, the Plaintiff Object to Judge [Giblin's] Recommendation of dismissal and ask the Court to accept my claim as follows against Chesapeake Energy[.]" (Doc. 32), at p. 1. The remainder of Plaintiff's Objection does not refer to the report and recommendation, let alone identify specific errors in Judge Giblin's description of the facts or his legal analysis. *See generally id.* at pp. 1-5. Instead, Plaintiff appears to renew her argument that Chesapeake Energy committed fraud against her and her family. Based on Plaintiff's failure to identify a specific objection, the Court finds that her Objection is without merit.

In any event, even if the Court decided to resolve Plaintiff's objections by accepting her continued allegations of fraud, and the attached documents, as further evidence of her claims, *see* Fed. R. Civ. P. 72(b)(3), Jones nevertheless fails to provide any indication that Chesapeake Energy committed fraud. In the Objection, Jones alleges that Defendant entered incorrect information, changed information, or omitted information from a series of forms and maps. *Id.* For example, Plaintiff identifies Form W-15, which shows Chesapeake as the operator of a particular well and includes its operator number, but Jones claims that the form should have listed BRG Corporation— a drilling corporation—as the operator because BRG Corporation's drilling permit number was listed in the box titled "Drilling Permit Number." *See id.* at p. 13. To be sure, Plaintiff correctly

states that BRG Corporation's drilling permit number is listed in Form W-15. *See id.* at p. 9 (separate form identifying BRG Corporation's permit number).  However, Jones does not explain why Chesapeake should have identified BRG Corporation as operator, let alone why it constitutes fraud for Chesapeake not to have done so.  Lastly, Plaintiff also does not explain how the allegedly fraudulent forms relate to her claims against Chesapeake.  In other words, Plaintiff fails to allege any facts indicating fraud occurred or that the fraud relates to her claims.

Based on Plaintiff's failure to properly object to the magistrate judge's report and recommendation, and her failure to identify any fraudulent activity, the Court adopts Judge Giblin's findings and legal conclusions as the findings and conclusions of the Court.

The Court therefore **ORDERS** that Judge Giblin's Report and Recommendation (Doc. 25) is adopted.  It is further **ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is granted. It is also **ORDERED** that Plaintiff's complaint (Doc. 1) is dismissed with prejudice.

Additionally, the Court **ORDERS** that all pending motions (Doc. 22, Doc. 23, Doc. 27, Doc. 28, Doc. 29, Doc. 30) are **DENIED** as moot.

The Clerk is directed to **CLOSE** this case pursuant to this order of dismissal, and this constitutes a final judgment for appeal purposes.

So **ORDERED** and **SIGNED February 7, 2019.**

_____
Ron Clark, Senior District Judge